CLARA A. McKEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22613.   Promulgated March 31, 1930.

*Joseph A. Beck, Esq.,* for the petitioner.
*Harold D. Thomas, Esq.,* for the respondent.

432

OPINION.

LOVE: On the facts we must hold against the petitioner on both of her contentions and find for the respondent, though not upon the grounds advanced by either of the contestants. Counsel for the respondent has not favored us with a brief, but from the record it appears that the payment of $225,000 was held to be a personal expense and therefore not deductible under the provisions of the law. Petitioner contends that it was either an ordinary and necessary expense of her business as " owner and manager of property," or that it was an outlay of capital and as such that it should be added to the cost of the property acquired.

We do not believe that the amount of $225,000 constituted an *expense* of any kind, either business or personal; nor do we believe that it was a capital expenditure, or that petitioner acquired any property by the transaction. Rather, we think, it was a giving up, a relinquishment, of a part of what petitioner had assumed had come to her, but was found to have a seriously clouded title, a part of which she relinquished in order to secure a clear title to the remaining part. It is admitted that the attorneys for the claimant were able to secure substantial evidence tending to show mental incapacity on the part of the testator during at least one or two periods in the years from 1918 to 1921. We are not called upon to decide the mental condition of the testator on May 9, 1919, when he wrote the holograph will; nor to speculate upon the outcome of a suit, had the validity of the will been attacked in the courts. Obviously, the issue

was in grave doubt in the minds of the petitioner and her legal advisers; so grave, indeed, that after prolonged negotiations between the representatives of the parties, it was deemed the better part of wisdom voluntarily to relinquish and yield up a very material part of the estate, rather than to test the issue at law. It is through these considerations that we arrive at the conclusion that this $225,000 does not constitute an expense of any kind on the part of the petitioner, nor an outlay of capital for tangible or intangible value received; but that it was a return by the petitioner to the claimant of such part of the estate in dispute as became clearly the claimant's by agreement between the parties. It is perhaps not without significance that the consideration in the quitclaim deed is $1, not $225,000.

*Judgment will be entered for the respondent.*